[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 99-1039

MICHAEL ELBERY,

Plaintiff, Appellant,

v.

BRADFORD LOUISON, ROBERT BREEN, JAMES HURLEY, ROBERT
MCGUINLEY, JAMES V. SAMPSON, CHESTER GUS JOHNSON, AND TOWN OF
SHREWSBURY,

Defendants, Appellees.


No. 99-1319

MICHAEL ELBERY,

Plaintiff, Appellant,

v.

JAMES HESTER,

Defendant, Appellee.


MICHAEL SALLOUM, TOWN OF SHREWSBURY, ROBERT MCGUINLEY,
DANIEL MORGADO, WAYNE SAMPSON,

Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

Michael Elbery on brief pro se.
Elizabeth M. Fahey and Pierce, Davis, Fahey & Perritano, LLP 
on brief for appellees, James Hurley, Robert McGinley, James V.
Sampson, Chester Gus Johnson and Town of Shrewsbury.
Bradford N. Louison and Merrick, Louison & Costello on brief
for appellee James Hester.

December 17,1999

Per Curiam. In these consolidated cases, appellant
Michael Elbery appeals from two orders entered by the district
court in two separate, but related, actions. These orders
forbid appellant from filing any complaints against the Town of
Shrewsbury Police Department and certain individuals without
first obtaining approval from the district court. After
briefly setting out the facts and the law, we address each
order separately.
I. Background
Appellant has filed various lawsuits, including the
two below, concerning the events surrounding, and following,
his arrests by the Shrewsbury, Massachusetts police on two
separate occasions. The first arrest arose out of a fight
outside a bar in Worcester in 1992. In connection with his
prosecution for this fight, appellant was arrested and charged
with intimidating a witness (the bartender who had seen the
fight). According to appellant, he was tried in a state
district court and found guilty of this charge, but on appeal
to the superior court, the charge was dismissed.
The second arrest took place in 1994 after a fire at
a warehouse storage facility in which appellant rented a
storage unit. According to appellant, he kept his collection
of guns, for which he had a license, in this unit. Shrewsbury
police arrested appellant on five charges of possession of
firearms and one charge of carrying a firearm. Appellant
states that the district attorney did not appear at the trial
and that he was acquitted of the charges.
Based on these arrests, appellant filed two actions
listing claims for malicious prosecution and various
constitutional violations against the Shrewsbury police and
others. These actions are entitled Elbery v. Hester and Elbery
v. Sklut and are pending in the federal district court. 
Appellant also commenced an action against Linda Schlener, the
individual who had filed the complaint with the Shrewsbury
police concerning appellant's intimidation of the witness to
the bar fight. This case remains in state court and is
entitled Elbery v. Schlener (Schlener I).
Not content with having three pending actions,
appellant filed three more suits in the federal district court
concerning events that had transpired during the arrests and
also events which had occurred in the pending cases. In Elbery
v. Schlener (Schlener II), appellant sued, among others, Linda
Schlener, Schlener's lawyer in Schlener I, and the state judge
in Schlener I. Appellant alleged in this case that the
defendants had retaliated against him for filing his original
actions against Schlener and Hester. In particular, appellant
stated that Schlener had asserted counterclaims in the state
case as an act of retaliation.
In the second case, Elbery v. Louison, appellant
filed a complaint which named as a defendant attorney Bradford
Louison. Louison was then representing the Town of Shrewsbury
and its police officers. The other defendants were Shrewsbury
police officers. Appellant alleged that the police had started
the fire at the storage warehouse so that they could frame him
on the gun charges and stop him from filing his federal
lawsuits.
Finally, in Elbery v. Klug, the third lawsuit,
appellant again listed attorney Louison as a defendant. He
also sued various Shrewsbury police officers, the United Parcel
Service, Day's Inn Motel, and a bartender at Day's Inn. He
essentially claimed that these defendants had engaged in a
cover-up concerning what he perceived to be constitutional
violations in the defense of the Loiuson case.
II. The Law 
It is well-established that "[f]ederal courts . . .
possess discretionary powers to regulate the conduct of abusive
litigants." Cok v. Family Court of Rhode Island, 985 F.2d 32,
34 (1st Cir. 1993) (per curiam). Thus, "in extreme
circumstances involving groundless encroachment upon the
limited time and resources of the court and other parties, an
injunction barring a party from filing and processing frivolous
and vexatious lawsuits may be appropriate." Castro v. United
States, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam). Such
an injunction, however, must be "narrowly drawn to fit the
specific vice encountered." Id. at 410. The issuance of an
injunction aimed at preventing vexatious litigation is reviewed
for abuse of discretion. Id. at 408.
III. The District Court Orders
A. Appeal No. 99-1039
This appeal arises out of the Louison case, the first
action in which appellant sued attorney Louison concerning
Louison's representation of the Shrewsbury defendants in the
prior cases. In their motion for an injunction, the defendants
alleged that after appellant's deposition was taken by
Elizabeth Fahey, the new attorney representing the Shrewsbury
defendants in Sklut and Louison, appellant called Fahey and
stated that he might sue Fahey and the court reporter present
at the deposition based on Fahey's alleged falsification of the
deposition transcript. The defendants therefore requested that
appellant be required to seek leave of court before filing a
complaint against Fahey or the court reporter.
When no opposition was forthcoming, the district
court granted the motion by endorsing it as "allowed." The
following entry also was made on the docket sheet: "Endorsed
Order entered granting . . . motion to require plaintiff to
seek leave of court before plaintiff files new complaint." 
Soon thereafter, appellant filed a belated opposition to the
motion, alleging that Fahey intended to deprive him of his
constitutional rights.
We think that the injunction entered by the district
court must be read as ordering that appellant seek approval
prior to filing a new complaint against Fahey or the court
reporter only, not that he must seek approval before filing any
new complaint. As read, it is plain that appellant received
notice, via the defendants' motion, that the district court was
contemplating such an injunction. Also as read, the injunction
is tailored to the specific circumstances facing the court and
was not entered just to curtail appellant's ability to initiate
litigation.
While appellant is correct that litigiousness alone
will not support an injunction, see Castro, supra, 775 F.2d at
408-09, we believe that appellant's particular affinity for
suing attorneys who represent defendants in the pending cases
amounts to behavior which is vexatious and harassing. In
particular, appellant already has sued Louison and Schlener's
attorney in the state case. We note that when such an attorney
is so sued, the attorney often will be required to cease
representing his or her client, with the result that the client
will be forced to find new counsel. Given appellant's belief
that Fahey and the court reporter are part of the ongoing
conspiracy to violate his constitutional rights, an injunction
requiring appellant to secure approval before filing a
complaint against either of them was not an abuse of
discretion.
B. Appeal No. 99-1319
This appeal arises out of Elbery v. Hester in which
appellant sued James Hester, the police officer who had
arrested him on the charge of intimidating a witness. In this
case, Hester moved for an order requiring appellant to seek
court approval before filing any more lawsuits against Hester,
other members of the Shrewsbury Police Department, or Louison
(the attorney then representing Hester). The district court
granted the motion, pointing out that appellant already had
filed five pro se lawsuits against the Shrewsbury Police
Department and that two of the cases named Louison as a
defendant. The court thus ordered appellant "not to file an[y]
additional lawsuits against the Shrewsbury Police Department,
its members, Bradford Louison, or any of the attorneys who have
filed an appearance in these suits without obtaining advance
court approval." The court added that "[d]efense counsel may
file a motion to deem any such case as 'related.'"
Appellant initially argues that the above order does
not set out sufficient record support for the injunction. 
Although the court did not list by name, or discuss, all of the
actions appellant had filed, this is not fatal. Hester's
motion adequately reviewed the pending cases and pointed out
how they were connected. Further, this court may take judicial
notice of "proceedings in other courts, both within and outside
of the federal judicial system, if the proceedings have a
direct relation to matters at issue." Green v. Warden, United
States Penitentiary, 699 F.2d 364, 369 (7th Cir. 1983). There
is no question that the pending lawsuits listed above are
related to the injunctions entered by the district court.
Turning to the merits, appellant primarily contends
that the injunction was an abuse of discretion because the
cases he has filed are not vexatious or harassing. Rather, he
states, the cases are meritorious and he is merely exercising
his right of free access to the courts. We disagree.
At the time the motion for an injunction was filed,
appellant already had initiated the two suits challenging his
arrests for intimidating a witness and for firearms violations
(Hester and Sklut). Had appellant stopped here, this would be
a different case. However, as described above, appellant
continued to file more actions concerning what he perceived to
be conspiracies related to, and arising out of, the two
original suits. As defendant pointed out in the motion for an
injunction, since the parties and underlying events were
connected, the proper course was for appellant to have asked
the district court for leave to amend the already pending cases
so that he could add new claims and/or defendants. In most
instances, though, this would have required prior court
permission.
The injunction entered by the district court
essentially achieves this result by ordering appellant to seek
approval before filing new actions against the Shrewsbury
Police Department, its members, or any of the attorneys
representing these parties. Furthermore, in light of the
purpose of the order and the language added at the end
referring to relatedness, we read the injunction as limited to
new cases connected to the ones currently pending. So read,
the injunction is "narrowly drawn to fit the specific vice
encountered," see Castro, supra, 775 F.2d at 410, instead of
being overbroad as it arguably would have been if it had
prevented appellant from filing any new cases against these
defendants.
Finally, that appellant's behavior is vexatious and
harassing is obvious. That is, by filing new actions,
appellant forces the defendants to answer each new complaint
and to defend each new suit. If appellant must obtain
permission prior to filing a new case, as he would if he sought
to amend the existing complaints, the defendants will be spared
this additional effort and the associated expense. As a
result, the district court did not abuse its discretion in
entering the above injunction.
The judgments of the district court are affirmed.